UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

BRAVEN JACKSON,

        Plaintiff,

vs.

AIR PROS, LLC,

        Defendants.
_____/

**PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, BRAVEN JACKSON, ("Mr. Jackson"), by and through undersigned counsel, and hereby files his Complaint and Demand for Jury Trial against AIR PROS, LLC ("Air Pros"), and states as follows:

## I. INTRODUCTION

1. This is an action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case- Air

1

Pros. Those are the rights that Congress has specially legislated to protect in the Fair Labor Standards Act.

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay.

4. Defendant utilized their unequal bargaining power to render defenseless Mr. Jackson against the denial of the living wage he is entitled to receive and protected by 29 U.S.C. § 207.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

7. Air Pros is an air conditioning contractor with numerous locations in Florida to include Orlando, Florida.

8. Air Pros employs numerous employees to perform work and/or repairs on customers air conditioning units.

9. Air Pros has engaged in unfair labor practices.

10. In order to perform its air conditioning repairs, Air Pros employs Service Technicians.

11. Service Technicians are directly engaged in providing the productive services to Air Pro's customers.

12. Mr. Jackson was employed by Air Pros as a Service Technician at its Orlando, Florida facility.

13. As a Service Technician, Mr. Jackson's job duties included but are not limited to, repairing customers' air conditioning units.

14. Mr. Jackson was employed by Air Pros from approximately November 2020 to July 2021.

15. As a Service Technician, Mr. Jackson was paid a commission.

16. Mr. Jackson was legally authorized to be employed by Air Pros throughout his employment.

17. At all times relevant to their employment, Mr. Jackson regularly used the instrumentalities of interstate commerce while performing his work.

18. At all times relevant to their employment, Mr. Jackson also regularly used the channels of commerce while performing their work.

19. Air Pros is an "employer" as defined by 29 U.S.C. § 203(d).

20. Air Pros has employees subject to the provisions of the FLSA at its Orlando, Florida facility where Mr. Jackson was employed.

21. Air Pros has employed two or more persons, including Mr. Jackson, engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

22. Mr. Jackson avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act Defendant, Air Pros was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

23. Mr. Jackson worked overtime in numerous workweeks and did not receive proper overtime pay.

24. Air Pros had knowledge that Mr. Jackson was working overtime without proper compensation.

25. Air Pros failed to make a good faith effort to determine if Mr. Jackson was being compensated appropriately pursuant to the FLSA.

26. Air Pros has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

27. Air Pros also failed to post the required notice pursuant to the Fair Labor Standards Act.

28. Mr. Jackson has retained LaBar & Adams, P.A. to represent him and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## PLAINTIFF, BRAVEN JACKSON'S CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff, Mr. Jackson, re-alleges and incorporates herein the allegations contained in paragraphs 1, 5-28 above.

30. Mr. Jackson was employed as a Service Technician by Air Pros from approximately November 2020 to July 2021.

31. From approximately November 2020 to July 2021, Air Pros repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Jackson at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Mr. Jackson worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

32. Air Pros willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

33. Air Pros has been sued for failing to comply with the Fair Labor Standards Act. *See Morales, et. al. v. Air Pros, LLC., et. al.*, Case No.: 1:20-cv-21992 (S.D. Fla. 2020); *Smith v. Air Pros, LLC.*, Case No.: 0:21-cv-60676-RS (S.D. Fla. 2021)

34. Air Pros failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Jackson demands a judgment against Air Pros for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Jackson demands a jury trial on all issues contained in Count I.

Dated: February 9, 2021

Respectfully submitted,

_____
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)